UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MYRTLE KIEFER, individually and as Administratrix,
of the Estate of FRANK KIEFER          12 cv 07613 (KBF)

                          Plaintiff.

    -against-

A.O. SMITH WATER PRODUCTS CO., et al.

                         Defendants

-----------------------------------------------------------------x

*Handwritten note:* Ordered Plaintiff to respond not later than 2/7/14. ← B. For USDJ   1/31/14

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT, CLEAVER-BROOKS, INC.'S RULE 45(d)(3)
## MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENA

DATED:   New York, New York
             January 31, 2014

                                   BARRY, McTIERNAN & MOORE LLC
                                   Attorneys for Defendant
                                   CLEAVER-BROOKS, INC.
                                   2 Rector Street - 14th Floor
                                   New York, New York 10006
                                   (212) 313-3600 – Phone
                                   (212) 608-8902 - Fax

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 03 2014

# TABLE OF CONTENTS

*PAGE*

TABLE OF AUTHORITIES ................................................. *ii*

STATEMENT OF FACTS……............................................... 1

ARGUMENT………….....…................................................ 1

POINT I

    THIS SUBPOENA MUST BE QUASHED AS JOHN TORNETTA
    RESIDES MORE THAN 100 MILES FROM THIS
    COURT………….…............................................................... 1

POINT II

    THE TRIAL SUBPOENA MUST BE QUASHED AS JOHN
    TORNETTA IS A NON-PARTY EMPLOYEE AND NOT
    AN OFFICER OF CLEAVER
    BROOKS………….…............................................................. 2

POINT III

    THIS SUBPOENA FAILED TO INCLUDE THE MILEAGE
    FEE…………………………………………………...…............ 3

CONCLUSION….......…………………………......………………….. 4

# TABLE OF AUTHORITIES

*CASES*                                                                                           *PAGE*

*Aristrocat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293 (S.D.N.Y.2009)........... 2

*Brown v. Hendler*, 2011 WL 3211139 (S.D.N.Y. 2011)... ........................................... 3

*Costamar Shipping Co., Ltd. V. Kim-Sail Ltd.*, 1995 WL 736907 (S.D.N.Y. Dec. 12, 1995) ................................................................................................................................... 4

*CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494 (9th Cir. 1983).................. 3

*Jaynes v. Jaynes*, 496 F.2d 9, 18 Fed. R. Serv. 2d 865 (2d Cir. 1974) ...................................1

*Lynch v. Luckenbach S.S. Co., Inc.*, 104 F. Supp. 494 (S.D.N.Y. 1952)................................ 2

*Moores Federal Rules Pamphlet* § 45.7 ..…........................................................................ 2

*Moores Federal Rules Pamphlet* § 45.8 ..…......................................................................... 2

*Shahmoon Industries, Inc. v. Imperato*, 338 F.2d 449 (3d Cir. 1964) ........................................ 1

*Song v. Dreamtouch, Inc.*, 2001 WL 487414 (S.D.N.Y. May 8, 2001) ............................... 3

## STATEMENT OF FACTS

Pursuant to Fed. R. Civ. P. 45(d)(3), defendant Cleaver-Brooks, Inc. ("C-B" or "Defendant") seeks to quash a subpoena served upon an employee of Defendant which requires his attendance in New York, more than 100 miles from where he resides or is employed.

On January 29, 2014, plaintiff's counsel caused a subpoena to be personally served upon John Tornetta at 11950 West Lake Park Drive, Milwaukee, WI 53224. (Declaration of Suzanne M. Halbardier, ¶ 1 and Exhibit "A"). The return date for this subpoena is February 26, 2014, therefore this motion is timely. The subpoena seeks Mr. Tornetta's appearance at the trial of this matter. *Id.*

John Tornetta is a resident of the State of Wisconsin which is more than 100 miles away from this Courthouse. (Halbardier Declaration, ¶ 2). He is a non-party employee of C-B and is not a corporate officer of C-B. *Id.*

## ARGUMENT

### POINT I

#### THIS SUBPOENA MUST BE QUASHED AS JOHN TORNETTA RESIDES MORE THAN 100 MILES FROM THIS COURT

Fed. R. Civ. P. 45(c) states that "a subpoena may command a person to attend a trial... only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person."

In *Jaynes v. Jaynes*, 496 F.2d 9, 10, 18 Fed. R. Serv. 2d 865 (2d Cir. 1974), the Second Circuit affirmed the District Court's order and held:

1

>...appellant seeks to have the district court subpoena parties who reside in Texas or other parts of the country more than 100 miles from any place within the Northern District of New York for the purpose of obtaining jurisdiction over them. The district court has no power to subpoena these parties and as such had no jurisdiction; accordingly, we have no choice but to affirm its judgment of dismissal. *See, e.g., Shahmoon Industries, Inc. v. Imperato*, 338 F.2d 449 (3d Cir. 1964).

*See also, Lynch v. Luckenbach S.S. Co., Inc.*, 104 F. Supp. 494, 495 (S.D.N.Y. 1952), ruling that Boston witnesses were beyond the 100 mile limit and therefore not subject to subpoena by the United States District Court for the Southern District of New York.

Mr. Tornetta resides in the State of Wisconsin. (Halbardier Declaration, ¶ 2). Although Rule 45 was amended in December 2013 regarding *service* of subpoenas, it does not change the "100 mile-rule" nor would any change apply to this lawsuit, which was filed prior to the change. *See, e.g., Moores Federal Rules Pamphlet* §§ 45.7, 45.8.

## POINT II

### THE TRIAL SUBPOENA MUST BE QUASHED AS JOHN TORNETTA IS A NON-PARTY EMPLOYEE AND NOT AN OFFICER OF CLEAVER BROOKS

Subpoenas served on individual employees who are not corporate officers and who reside outside the geographic scope of Rule 45 must be quashed. *Aristocrat Leisure Ltd. V. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009).

2

In *Aristocrat, supra*, the Court quashed the subpoena of the bondholders in this dispute as they were not corporate officers and resided outside the 100 mile rule.

Rule 45(c)(1)(B) permits the service of a trial subpoena on a party or a party's officer, but only "within the state where the person resides, is employed, or regularly transacts business." Here, Mr. Tornetta is an employee of C-B and not a corporate officer. (Halbardier Declaration, ¶ 2). Even so, a party or corporate officer would not be required to travel beyond their state of residence. *Id.*

## POINT III

### THIS SUBPOENA FAILED TO INCLUDE THE MILEAGE FEE

Federal Rule of Civil Procedure 45(b)(1) states in relevant part "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."

Where plaintiff has failed to provide proper travel and witness fees, the subpoena should be quashed. *Brown v. Hendler*, 2011 WL 3211139 (S.D.N.Y. 2011).

The Court held "the plain meaning of Rule 45... requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *Id.* citing *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir.1983); *Song v. Dreamtouch, Inc.*, 2001 WL 487413 at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness'

3

atendance, the service is invalid."); *Costamar Shipping Co., Ltd. v. Kim–Sail, Ltd.*), 1995 WL 736907 at *2 (S .D.N.Y. Dec. 12, 1995) (same).

The issuance of a $40 check is not sufficient for the reasonably estimated mileage from Milwaukee to Manhattan. Therefore, this is an additional reason why the subpoena must be quashed

## CONCLUSION

It is respectfully requested that this Court issue an order quashing the trial subpoena served upon John Tornetta, and for such further and other relief as this Court deems just and proper.

BARRY, McTIERNAN & MOORE LLC

*Suzanne M. Halbardier*
Attorneys for Defendant (SMH-0310)
CLEAVER BROOKS, INC.
2 Rector Street - 14th Floor
New York, New York 10006
(212) 313-3600 – Phone
(212) 608-8902 - Fax

4

12-cv-07613 (KBF)
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

Myrtle Kiefer, Individually and as
Administratrix Of the Estate of FRANK KIEFER,

                                    Plaintiff(s),

-against-

A.O. SMITH WATER PRODUCTS CO., et al.

                                    Defendants.

------------------------------------------------------------------

============================================================
**MEMORANDUM OF LAW**
============================================================

**PLEASE TAKE NOTICE**

[ ]
**notice of entry**    that the within is a (certified) true copy of an
entered in the office of the clerk of the within named Court on _____.

[ ]
**notice of settlement**    that a Proposed Order of which the within is a true copy will be presented for settlement before the Honorable _____ one of the judges of the within named Supreme Court, _____ County, _____, at 9:30 a.m. on the ___ day of _____.

Dated:  New York, New York
          January 31, 2014

                                Suzanne M. Halbardier, Esq.
                                BARRY, McTIERNAN & MOORE
                                Attorneys for Defendant
                                Cleaver-Brooks Company Inc.
                                2 Rector Street - 14th Floor
                                New York, New York 10006
                                (212) 313-3600
                                File No.: CLB57385

*contains a minimum of 50% recycled fiber.